ALD-095                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1119
_____

IN RE: KONATA MATTHEWS,
                                        Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to D.C. Crim. No. 2-22-cr-00324)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
March 28, 2024

Before:  HARDIMAN, MONTGOMERY-REEVES, and NYGAARD, Circuit Judges

(Opinion filed: April 3, 2024)
_____

OPINION*
_____

PER CURIAM

    Appellant Konata Matthews, proceeding pro se, pleaded guilty on two counts of

bank robbery.  As part of the plea agreement, the Government recommended a sentence

of 100 months in prison.  The parties also agreed that Matthews committed 7 other bank

robberies and that these additional offenses were to be treated as if Matthews had been

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

convicted of additional counts charging those offenses. The total amount of money stolen during all 9 robberies was approximately $17,796. Upon prompting from the District Court during the course of these proceedings, Matthews repeatedly indicated his desire to proceed pro se.

A few months after entering into the plea agreement, Matthews filed a notice of intent to withdraw his guilty plea "based on the plaintiff's illegal, improper, and unauthorized role as fiduciary debtor with tacit hypothecations and fraudulent concealments of IRS forms 1096, 1099a, 1099 OID, INC, and PRC, including, but not limited to defendant/debtor's financial statement, etc." The District Court treated this issue as an oral motion to withdraw his guilty plea, and then denied the motion during a hearing because Matthews did not assert a claim of innocence or present a valid basis for withdrawal of his guilty plea.

On February 15, 2024, the District Court sentenced Matthews to the terms discussed in the plea agreement: 100 months in prison, 3 years of supervised release, and an obligation to make restitution payments. On February 22, 2024, Matthews filed a petition for a writ of prohibition with this Court in which he urges the Court "to prohibit the final order of judgment of sentence and conviction; prohibit the guilty plea agreement; and prohibit the clerk of court from sealing the motion." He later filed an amended petition, along with a motion for leave to file it, essentially repeating his requests from his earlier petition and adding that the Court should prohibit "the entire proceeding in the above-entitled action."

A writ of mandamus or prohibition[1] is a drastic remedy that is only available in extraordinary circumstances. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). To obtain prohibition relief, a petitioner must demonstrate that "(1) no other adequate means [exist] to attain the relief he [or she] desires, (2) the party's right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances." Hollingsworth v. Perry, 558 U.S. 183, 190 (2010) (per curiam) (internal quotation marks omitted). "Even then, exercise of our power is largely discretionary." In re Sch. Asbestos Litig., 977 F.2d 764, 772 (3d Cir. 1992).

Matthews has failed to demonstrate the three elements necessary to obtain prohibition relief. See Hollingsworth, 558 U.S. at 190. Other adequate means—such as direct appeal and/or a post-conviction motion—exist such that Matthews can attain the desired relief, his right to issuance of the writ is not clear and indisputable, and the writ would not be appropriate under the circumstances, as Matthews has not presented a legitimate reason to doubt the validity of his plea agreement or the actions of the District Court.

Matthew's motion for leave to file an amended petition is granted, and we have considered his amended petition in reaching our decision. Accordingly, we will deny his petition as amended for a writ of prohibition.

---

[1] The legal analysis is the same whether a petition is presented as a request for a writ of mandamus or a writ of prohibition. See In re Sch. Asbestos Litig., 921 F.2d 1310, 1313 (3d Cir. 1990).